## NOTE NEGOTIATED AFTER CONSIDERATION THEREFOR HAD FAILED.

Circuit Court of Cuyahoga County.

HELENA KUCHENBACHER ET AL v. MATILDA A. GILL.

Decided, June 2, 1911.

*Promissory Note—Failure of Consideration—Notice to Holder of Note—Burden of Proof.*

In an action upon a promissory note by an endorsee thereof, when it is shown that consideration for the note has failed, the burden is then upon the plaintiff to show that she had no notice of such failure of consideration at the time she became the holder of the note.

*L. R. Katz, George Welch* and *Richard Inglis,* for plaintiff in error.

*Fred Desberg,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Plaintiffs in error were defendants below.  The action was on a promissory note, made since the enactment of the negotiable instrument code, and transferred to the plaintiff, who claimed to be a holder thereof in due course.

The defense was failure of consideration, the note having been given in payment for the erection of a house which the payee agreed to erect, but never completed.  Evidence was introduced tending to establish the defendants' claim of failure of consideration, and the plaintiff had notice thereof, when she received the note.

On the burden of proof, the court charged the jury that the burden was upon the *defendants* to show not only failure of consideration, but notice thereof to the holder.

Counsel for plaintiffs in error admit that the burden was on them to show failure of consideration, but urge that the burden was with the holder of the note to show that she had no notice thereof.

The question seems settled by Sections 8164, 8160, 8157 and 8161 of the General Code, parts of which, germane to the inquiry in hand, read as follows:

"Section 8164.  Every holder is deemed *prima facie* to be a holder in due course, but when it is shown that the title of any person who negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims, acquired the title as a holder in due course."

Section 8160.  "The title of a person who negotiates an instrument is defective when he negotiates it in breach of faith, or under such circumstances as amount to a fraud."

Here the defendants gave evidence tending to show that the payee negotiated the note after the consideration thereof had failed; this was bad faith and amounted to a fraud on the part of the payee, and so his title was defective under Section 8186 and put the burden upon the holder under Section 8164, to prove that he acquired the title as a holder in due course.

Section 8157 says that "one is a holder in due course under the following conditions:  *   *   *   4.  That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

Section 8161. "To constitute notice of any infirmity in the instrument, or defect in the title of the person negotiating it, the person to whom it is negotiated must have had actual knowledge of such facts, that his action in taking the instrument amounted to bad faith."

From these four sections the conclusion seems logically to follow that if it is shown that the consideration of the note has failed, then the burden is on the holder to prove (8164) that he had no notice (8157), *i. e.,* actual knowledge (8161), that the payee of the note who negotiated it to him had negotiated it in breach of faith, or under such circumstances as amount to fraud (8160). In other words, he must show that he had no knowledge of such facts that his action in taking the instrument amounted to bad faith (8161).

Applying this conclusion to the case in hand, if it was shown that the consideration of the note had failed, then the burden was on the plaintiff to show that she had no notice of such failure of consideration at the time of her becoming the holder thereof.

For error in the charge, the judgment is reversed and cause remanded for a new trial.